IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RANDALL C. JONES, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 15-132 |
| | : | |
| v. | : | |
| | : | |
| NORTHAMPTON COUNTY DEPARTMENT OF CORRECTIONS, | : | |
| | : | |
| Defendant. | : | |

**<u>MEMORANDUM OPINION</u>**

Smith, J.                                                                                                              February 13, 2015

The *pro se* plaintiff has sought leave to proceed *in forma pauperis* in this 42 U.S.C. § 1983 civil action against a county correctional facility based on allegations that an uncovered radiator burned him. Although the plaintiff has satisfied the requirements to proceed *in forma pauperis*, he cannot maintain this action because the county correctional facility is not a "person" subject to suit under section 1983 and negligent conduct does not arise to an actionable constitutional violation. Accordingly, the court will grant the application to proceed *in forma pauperis* and will dismiss this action with prejudice.

**I.     ALLEGATIONS AND PROCEDURAL HISTORY**

The *pro se* plaintiff, Randall C. Jones, filed an application to proceed *in forma pauperis* ("IFP") and a complaint against the defendant, the Northampton County Department of Corrections, on January 9, 2015. Doc. No. 1. In the complaint, the plaintiff alleges that he is currently incarcerated in Northampton County Prison located in Easton, Pennsylvania. Compl. at 1, Doc. No. 1. The plaintiff avers that on December 24, 2014, at approximately 9:45 a.m., he was in the gym bathroom when he was "very badly burned (2nd degree) by an uncovered

radiator." Compl. at 2-3. The plaintiff claims that although he received some treatment for his injuries, he is still experiencing pain and discomfort in his arm. *Id.* at 3. The plaintiff notes that he filed a grievance in accordance with the procedures at the prison, and the prison eventually covered the radiator approximately six days after he suffered his injuries. *Id.* at 3, 4. For his injuries, the plaintiff is "asking that the court award [him] $75,000 based on the negligence this prison continues to show." *Id.* at 5. He is also seeking to "expunge" the $1,100.82 he owes the prison for room and board. *Id.* at 6.

## II.     DISCUSSION

As the plaintiff has sought to proceed IFP, the court will address the application to proceed IFP before addressing the merits of the complaint under 28 U.S.C. § 1915(e).

### A.     The IFP Motion

Regarding applications to proceed *in forma pauperis*, the court notes that

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a). When addressing applications to proceed *in forma pauperis* under section 1915, district courts undertake a two-step analysis: "First, the district court evaluates a litigant's financial status and determines whether [he or she] is eligible to proceed *in forma pauperis* under § 1915(a). Second, the court assesses the [action] under § 1915[(e)(2)] to determine whether it is frivolous." *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990) (citing *Sinwell v. Shapp*, 536 F.2d 15 (3d Cir. 1976) (alterations added)).[1]

---

[1] The *Roman* court referenced the former version of 28 U.S.C. § 1915(d), which stated that "[t]he court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915(d) (1990) (redesignated as Section 1915(e) by the Prison Litigation Reform Act, Pub.L. No. 104-135, 110 Stat. 1321 (1996)). The portion of

Concerning the litigant's financial status, the litigant must establish that he or she is unable to pay the costs of suit. *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Generally, where a plaintiff files an affidavit of poverty, the district court should accord the plaintiff a preliminary right to proceed *in forma pauperis*. *Lawson v. Prasse*, 411 F.2d 1203, 1203 (3d Cir. 1969) (citing *Lockhart v. D'Urso*, 408 F.2d 354 (3d Cir. 1969)).

Here, after reviewing the IFP application, it appears that the plaintiff is unable to pay the costs of suit. Therefore, the court grants the plaintiff leave to proceed IFP.

### B.     Review Under 28 U.S.C. § 1915(e)(2)(B)

Because the court has granted the plaintiff leave to proceed IFP, the court must engage in the second part of the two-part analysis and examine whether this action is frivolous or fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) (providing that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-- . . . (B) the action or appeal-- (i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted"). An action is frivolous under section 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). In addressing whether a *pro se* plaintiff's action is frivolous, the court must liberally construe the allegations in the complaint. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339-40 (3d Cir. 2011).

Regarding the analysis under section 1915(e)(2)(B)(ii), the standard for dismissing an action for failure to state a claim pursuant to this subsection is identical to the legal standard used

---

Section 1915(d) which allowed the district court to dismiss frivolous *in forma pauperis* complaints is now codified at 28 U.S.C. § 1915(e)(2)(B)(i). *See* 28 U.S.C. § 1915(e)(2)(B)(i) (stating frivolous nature of *in forma pauperis* complaint is ground for dismissal).

when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). Thus, to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In this case, the plaintiff cannot bring this section 1983 claim against the Northampton County Department of Corrections because this defendant is not a "person" for purposes of section 1983.[2] *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989) (concluding that an individual may not sue a state in federal court under Section 1983 because a state is not a "person" under that section); *see also Lenhart v. Pennsylvania*, 528 F. App'x 111, 114 (3d Cir. 2013) (concluding that district court properly dismissed claims against county prison because even though "[a] local governmental agency may be a 'person' for purposes of § 1983 liability[, the county prison] is not a person capable of being sued within the meaning of § 1983") (internal citations omitted)); *Mincy v. Deparlos*, 497 F. App'x 234, 239 (3d Cir. 2012) (determining that district court properly concluded that county prison is not a person within the meaning of Section 1983); *Johnson v. Caputo*, No. 11-cv-2603, 2013 WL 2627064, at *5 (E.D. Pa. June 12, 2013) (dismissing section 1983 claim against Northampton County Prison because it is not a "person" subject to suit under section 1983).

---

[2] Section 1983 provides in pertinent part as follows:
> Every **person** who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983 (emphasis added).

In addition, to bring an action under section 1983, a plaintiff must allege that a person acting under color of state law deprived him of his constitutional rights. *West v. Atkins*, 487 U.S. 42, 48 (1988). There are simply no allegations in the complaint that would allow this court to find that the defendant violated the plaintiff's constitutional rights. In this regard, even if the Northampton County prison officials were negligent for failing to cover the radiator in the bathroom, negligent conduct which causes an unintended injury to an inmate does not amount to a constitutional violation. *See Davidson v. Cannon*, 474 U.S. 344, 347 (1986) (concluding a state prison inmate could not maintain a section 1983 claim against prison officials for injuries inmate suffered when officials allegedly negligently failed to protect him from another inmate); *Daniels v. Williams*, 474 U.S. 327, 328 (1986) (concluding inmate could not assert due process claim in section 1983 action brought against deputy sheriff to recover for injuries allegedly sustained when inmate slipped and fell on pillow left on jail stairs by deputy sheriff).[3]

### C. Leave to Amend

Generally, a district court should provide a *pro se* plaintiff with leave to amend unless such an amendment would be futile. *See Grayson v. Mayview St. Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Here, the court will not give the plaintiff leave to amend because any amendment would be futile insofar as he could not cure the above-referenced deficiencies in an amended complaint.

### III. CONCLUSION

The plaintiff has demonstrated that he is entitled to leave to proceed IFP in this action. Nonetheless, pursuant to the court's screening of the complaint under 28 U.S.C. § 1915(e)(2), the court finds that the plaintiff's action is frivolous or otherwise fails to state a claim upon which

---

[3] Although the plaintiff alleges that he continues to suffer pain, he alleged that the prison did and continues to provide medical treatment for his injuries. *See, e.g.*, Compl. at 3.

relief may be granted because he improperly attempts to sue a defendant that is not a "person" subject to suit under 42 U.S.C. § 1983, and he fails to assert a cognizable constitutional violation insofar as he is asserting only negligence claims on the part of the defendant.  Because the plaintiff cannot cure these deficiencies in an amended complaint, the court will not grant the plaintiff leave to amend and will dismiss this action with prejudice.

  An appropriate order follows.

                BY THE COURT:


                /s/ *Edward G. Smith, J.*
                EDWARD G. SMITH, J.